# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| JOHNNY QUINTON CANTOR, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:18CV00036 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| A.J. McQUEEN, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jeremy B. O'Quinn, The O'Quinn Law Office, PLLC, Wise, Virginia, and Richard D. Kennedy, Kennedy Law Office, PLLC, Wise, Virginia, for Plaintiffs; Katherine C. Londos and Nathan H. Schnetzler, Frith Anderson + Peake, P.C., Roanoke, Virginia, for Defendant.*

In this action for violation of civil rights under 42 U.S.C. § 1983, the plaintiffs have moved for a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The defendant has opposed the motion. For the reasons that follow, I will grant the motion and dismiss the case without prejudice.

The plaintiffs filed their Complaint in this case on October 1, 2018, contending that defendant A.J. McQueen, a deputy sheriff with the Lee County, Virginia, Sheriff's Department, violated their rights during a criminal investigation. The plaintiffs assert that they filed the Complaint based on information that they had received pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), from the prosecutor's office. The case is scheduled for trial beginning

on September 4, 2019.  On June 21, 2019, McQueen filed a Motion for Summary Judgment.  Within the time permitted for filing a response to the Motion for Summary Judgment, the plaintiffs moved for an extension of time to respond and filed the present Motion for Voluntary Dismissal, which motion has been fully briefed and is ripe for decision.[1]

Federal Rule of Civil Procedure 41(a)(2) provides in relevant part that a court may dismiss an action at the plaintiff's request "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant."  *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  Factors relevant to a district court's decision on a Rule 41(a)(2) motion include the opposing party's effort and expense in preparing for trial; excessive delay or lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation, including whether a dispositive motion is pending.  *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished).  Prejudice does not arise from the prospect of a second lawsuit or the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation.  *Davis v. USX Corp.*, 819

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

F.2d 1270, 1274–75 (4th Cir. 1987). Moreover, "[s]ince Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice." *Andes*, 788 F.2d at 1036 n.4.

In support of their motion, the plaintiffs assert that their review of discovery materials has revealed substantial differences between the facts alleged in the *Giglio* disclosure, which gave rise to their Complaint, and the discovery evidence. The plaintiffs assert that the discovery materials continue to support some wrongdoing by McQueen but also require them to alter the factual allegations in the Complaint. In opposition, McQueen argues that he would be prejudiced by a dismissal because he has expended considerable time and resources preparing for trial, the plaintiffs' proffered reason for voluntary dismissal is insufficient and instead suggests that the pending summary judgment motion should be granted, and the plaintiffs were not diligent in conducting discovery.

I find that granting the motion will not result in substantial prejudice to McQueen. Although he alleges that he has incurred effort and expense in answering the Complaint, preparing discovery requests and a motion for summary judgment, conducting two depositions, and preparing his defense, such costs are not so extensive as to give rise to substantial prejudice. *See Teck Gen. P'ship v.*

*Crown Cent. Petroleum Corp.*, 28 F. Supp. 2d 989, 992 (E.D. Va. 1998). Further, there have been no excessive delays or lack of diligence on the part of the plaintiffs. Although McQueen states that the plaintiffs twice needed extensions to respond to discovery requests and issued their own requests a week before the close of discovery, these delays are not excessive and have not impeded any of the deadlines set out in the court's Scheduling Order. Moreover, the plaintiffs moved for dismissal more than 60 days before trial, preventing McQueen from incurring extensive trial preparation costs. I also accept the plaintiffs' explanation of their need for dismissal. It does not appear that the plaintiffs have filed their motion solely to avoid an adverse ruling. No adverse ruling has been made on the pending summary judgment motion, nor has the motion been fully briefed. In addition, the plaintiffs properly sought an extension to respond to the summary judgment motion, which I granted. Lastly, the stage of the litigation otherwise supports dismissal. Trial is nearly two months away, and prior to the plaintiffs' motion, the docket contained only 13 entries.

For the foregoing reasons, I will grant the plaintiff's Motion for Voluntary Dismissal. A separate final order will be entered herewith.

DATED: July 12, 2019

/s/ James P. Jones
United States District Judge